UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY ROMANO,

                      Plaintiff,

                                                                  **Hon. Hugh B. Scott**

                                                                    13CV392W

                      v.

                                                                        **Order**

C.O. OFFICERS, et al.,

                      Defendants.

Before the Court is plaintiff's application to recover his pro bono attorney's reasonable motion expenses for his motion to compel (Docket No. 39 (plaintiff's fee application); see Docket Nos. 30 (plaintiff's motion to compel), 38 (Order, familiarity is presumed)). Upon granting plaintiff's motion to compel, this Court set a briefing schedule for this application, with defendant's response due May 17, 2016 (Docket No. 38), but defendants responded on June 16, 2016 (Docket No. 46); leave is now given (nunc pro tunc) for this otherwise untimely response.

## BACKGROUND

This is a civil rights action, initially commenced by plaintiff pro se as an inmate. Plaintiff alleges that defendants applied excessive force upon him and denied him medical treatment from an incident on February 22, 2010, at the Elmira Correctional Facility (see Docket Nos. 1 (letter Complaint), 4 (supplement to Complaint)). Following appointment of counsel (Docket No. 18), plaintiff served discovery demands and later moved to compel discovery (Docket No. 30). Plaintiff's motion to compel was granted, with defendants having until June 17, 2016, to respond

to the outstanding discovery (Docket No. 38, Order of May 3, 2016, at 6-7, 8). The Schedule for pretrial proceedings also was amended (id. at 8). Separately, this Court set a status conference for June 23, 2016 (Docket Nos. 42, 47; see Docket Nos. 40 (plaintiff's pro se letter), 41 (initial scheduling Order); see also Docket No. 48 (Order scheduling renewed conference on July 21, 2016, following plaintiff's non-appearance at the June 23 conference).

*Plaintiff's Application*

In granting plaintiff's motion, this Court ordered plaintiff to submit his application to recover his reasonable motion expenses by May 10, 2016, with defense response by May 17, 2016 (Docket No. 38, Order at 7, 8). Plaintiff submitted his attorneys' affidavits and exhibits of time listings of hours expended by his two counsel for their attorney's fee (Docket No. 39, Pl. Appl.). They claim that they expended 12.8 hours total, each at an hourly rate of $190, claiming a total of $2,433.00 (id.¶ 6, Exs. A, B-C (certifying affidavits of attorneys)[1]). Plaintiff asserts that the hourly rate is the standard charged by the firm (id. ¶ 5). Plaintiff does not claim other motion expenses. He does not take a position whether this should be apportioned between defendants or their attorney (id. ¶ 7).

Defendants responded that defense counsel has been inquiring from his clients to respond to plaintiff's outstanding discovery demands and has been gathering responses as they are received (Docket No. 46, Defs. Supp'al Decl.). Defense counsel reviewed defendants' personnel files to respond to one document request and found only one responsive document, which was produced to plaintiff (id. ¶¶ 5-11). After narrowing plaintiff's request for all training manuals, defendants produced thirty-seven sought directives (id. ¶¶ 12-18). On plaintiff's request for all audio recordings, photographs, x-rays, motion pictures and the like items depicting the incident,

---

[1] From this Court's calculation, the actual amount of the fee claimed should be $2,432.

defendants produced two cassette audio tapes (id. ¶¶ 19-21). Defendants disclosed the Inspector General's file to plaintiff's counsel (id. ¶¶ 22-24). Plaintiff submitted eleven Interrogatories directed to all eight defendants, but defendants produced responses from three of them and that they awaited responses from the others (id. ¶¶ 25-28). Defendants ask that this Court deny plaintiff's application for recovery of fees and costs (id. ¶ 32).

DISCUSSION

I.  Applicable Standard

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve the discovery issue without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in light of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also

Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour).  The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.  See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).  Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988 using lodestar method), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  In calculating the "presumptively reasonable fee," this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.  The last component for determining the reasonable motion expenses are the other motion expenses incurred.  The movant seeking reimbursement bears the burden of proving the hours spent and the prevailing rates are reasonable.  7 Moore's Federal Practice–Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.     Reasonableness of Imposing Sanction

A preliminary issue is whether imposition of sanctions here is appropriate, see Fed. R. Civ. P. 37(a)(5)(A).  Defendants argue in response that discovery had to be obtained from

4

various defendants and responses would be provided as each defendant answers (see generally Docket No. 46).  Defense counsel has been diligent under the circumstances to obtain discovery responses from his clients, therefore defendants' non-response is substantially justified and imposition of monetary sanctions **is not warranted**; plaintiff's motion to recover his motion costs as a sanction (Docket No. 39) is **denied**.  Taking defendants' supplemental declaration in opposition to the underlying motion to compel (Docket No. 46) as a motion to reconsider the grant of plaintiff's motion to compel, it is also **denied**.

## CONCLUSION

For the reasons stated above, plaintiff's application to recover his reasonable motion expenses (Docket No. 39) for his motion to compel (Docket No. 30) is **denied**.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 27, 2016