UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY ROMANO,

         Plaintiff,

v.

M. QUICK, C.O., C.O. ALOI, C.O., J.
CARDINALE, C.O., C.O. FUNZI, C.O.,
NURSE SEALY, NURSE MILLIA,
MYERS, Psych-Therapist, and SHELLY,
Nurse,

         Defendants.
_____



**DECISION AND ORDER**

1:13-CV-00392 EAW

## INTRODUCTION

Plaintiff Anthony Romano ("Plaintiff") filed this action on April 19, 2013, alleging violations under 42 U.S.C. § 1983 by defendants M. Quick ("Quick"), C.O. Aloi ("Aloi"), J. Cardinale ("Cardinale"), C.O. Funzi ("Funzi"), Nurse Sealy ("Sealy"), Nurse Millia ("Millia"), Myers, and Shelly (collectively "Defendants"). (Dkt. 1). A supplemental complaint was filed on July 2, 2013. (Dkt. 4). Discovery in the matter ended on February 9, 2017 (Dkt. 58), and a jury trial is scheduled to begin on April 8, 2019 (Dkt. 85).

Presently before the Court is Plaintiff's sixth motion to appoint counsel. (*See* Dkt. 6; Dkt. 9; Dkt. 56; Dkt. 67; Dkt. 78). Plaintiff presently argues that he is indigent and that he has tried, but failed, to secure counsel on his own. (Dkt. 87).

For the reasons stated below, Plaintiff's motion is denied.

## DISCUSSION

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants, *Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988), and the assignment of *pro bono* counsel in civil cases is within the trial court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The court must evaluate "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Particular attention must be paid to the merits of the plaintiff's claim. *Id.* ("Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.* Additionally, for prison inmates, the court must also give weight to the plaintiff's lack of practical access to attorneys. *Id.* at 173-74.

Plaintiff was in prison when he filed the complaint, and remains in custody. Plaintiff has previously been granted leave to proceed *in forma pauperis*. (Dkt. 8). In his *in forma pauperis* motion, Plaintiff stated that he was incarcerated, had not worked in the past 12 months, and did not have any cash or other assets. (Dkt. 5 at 1-2). A prison official certified that Plaintiff's average account balance for the previous six months was eight dollars. (*Id.* at 2). Plaintiff has conclusively shown that he is indigent, and has met the threshold test

for appointing counsel.

However, on balance, the *Cooper* factors weigh against appointing counsel at this time. As the Second Circuit has noted, "[t]he vast majority of litigation on behalf of personal claimants is financed initially by lawyers who accept the representation for a contingent fee in the expectation of being rewarded by a share of the winnings." *Cooper*, 877 F.2d at 173. Plaintiff states that he has attempted to contact several attorneys, but he has not been able to secure counsel. (Dkt. 87 at 1). However, this, in itself, is insufficient to warrant the appointment of counsel.

The Court finds that Plaintiff has not established that he has a likelihood of success on the merits. Plaintiff claims that Cardinale, Aloi, and Quick threw him down a flight of stairs and then stomped, kicked, and punched him. (Dkt. 4 at 9). Plaintiff further claims that Sealy, Millia, Shelly, and Myer did not give him a thorough medical check after the incident and denied him adequate medical care. (*Id.* at 9-10). Additionally, Plaintiff asserts that Funzi destroyed his mail. (*Id.* at 11). The trial will turn on the jury's determination as to the credibility of the witnesses, not any complex factual or legal issues that could be troubling for Plaintiff to present. Plaintiff has shown himself to be reasonably adept at presenting relevant facts to the Court and has submitted no evidence or explanation to the contrary. *See Castro v. Manhattan E. Suite Hotel*, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying the plaintiff's motion to appoint counsel because "the case does not present novel or overly complex legal issues, and there is no indication that the plaintiff lacks the ability to present his case"); *see Marcy Playground, Inc. v. Capitol Records, Inc.*, 6 F.

Supp. 2d 277, 283 n.21 (S.D.N.Y. 1998) ("Virtually all of the pivotal facts are sharply contested, and the outcome is likely to turn on the trier's assessment of the credibility of a number of witnesses. While the existence of factual disputes does not require the conclusion that a movant lacks a strong likelihood of success on the merits, it certainly is relevant.").

Moreover, the Court notes that Plaintiff was previously appointed counsel in this matter on June 26, 2015 (Dkt. 18), and that the appointed counsel withdrew from representing Plaintiff on August 2, 2016 (Dkt. 53), because of communication problems with Plaintiff (Dkt. 52; Dkt. 55). Additionally, Plaintiff was appointed *pro bono* counsel in at least one other case, but later lost that counsel due to Plaintiff's behavior. *Romano v. Ulrich*, No. 13-cv-633, Dkt. 61 (W.D.N.Y. Jan. 11, 2017). There is a cost to the Court in making *pro bono* appointments—locating attorneys for these cases is challenging, and doing so multiple times for a single case or particular party because Plaintiff's behavior towards prior *pro bono* counsel led to said counsel's withdrawal is a "wasteful expenditure of scarce resources." *Smolen v. Corcoran*, No. 6:10-CV-6040 (MAT), 2013 WL 4054596, at *4 (W.D.N.Y. Aug. 12, 2013).

After balancing the factors set forth in *Cooper*, the Court finds that appointing counsel for Plaintiff in this matter is inappropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to appoint counsel (Dkt. 87) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 8, 2019
       Rochester, New York