UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANTHONY ROMANO,

             Plaintiff,

      v.

M. QUICK, C.O., C.O. ALOI, C.O., J.
CARDINALE, C.O., C.O. FUNZI, C.O.,
NURSE SEALY, NURSE MILLIA,
MYERS, Psych-Therapist, and SHELLY,
Nurse,

             Defendants.
_____

**ORDER**

1:13-CV-00392 EAW

Plaintiff Anthony Romano ("Plaintiff"), proceeding *pro se*, filed this action on April 19, 2013, alleging violations under 42 U.S.C. § 1983 by defendants M. Quick ("Quick"), C.O. Aloi ("Aloi"), J. Cardinale ("Cardinale"), C.O. Funzi ("Funzi"), Nurse Sealy ("Sealy"), Nurse Millia ("Millia"), Myers, and Shelly (collectively "Defendants"). (Dkt. 1). A jury trial commenced before the undersigned on October 15, 2019 (Dkt. 104), and the jury returned a no cause verdict on October 16, 2019 (Dkt. 105; Dkt. 107). Judgment was entered pursuant to the jury verdict in favor of Defendants on November 19, 2019, including defendant Myers. (Dkt. 111). However, Myers was never served in this action. For the following reasons, the Court dismisses Myers as a defendant without prejudice pursuant to Federal Rule of Civil Procedure 4(m), and directs the Clerk of Court to amend

- 1 -

the Judgment (Dkt. 111) to reflect that the jury verdict was not entered as to Myers, and further to enter a separate judgment regarding Myers's dismissal without prejudice.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (quoting *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). The Federal Rules of Civil Procedure provide:

> If a defendant is not served within [120] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant. . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[1] "If the plaintiff shows 'good cause for the failure' to serve, the district court is required to grant an 'appropriate' extension of time in which to serve." *Murray v. Pataki*, 378 F. App'x 50, 51-52 (2d Cir. 2010). "[I]ncomplete or improper service will lead the court to dismiss the action unless it appears that proper service may still be obtained." *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986) (quotation and emphasis omitted). "As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule

---

[1] Because this action was commenced in 2013, the Court refers to the 120-day service period as opposed to the 90-day service period imposed by the 2015 Amendment to the Federal Rules of Civil Procedure.

4(m)." *Murray*, 378 F. App'x at 52.

In the instant action, Plaintiff's Complaint and Supplemental Complaint were allowed to proceed to service on March 14, 2014 (Dkt. 8), and summonses were issued as to all Defendants on September 17, 2014 (Dkt. 9). However, Myers was never served with a Summons and Complaint. (Dkt. 10). The process receipt of Myers's unexecuted Summons states the New York State Department of Corrections and Community Supervision ("DOCCS") was "unable to locate an employee with the last name Myers" at the Elmira Correctional Facility. (*Id.* at 1).

At the pretrial conference on October 2, 2019, the Court notified Plaintiff that Myers had not been served, and that as a consequence Myers was subject to dismissal from the Complaint.[2] Plaintiff stated that he had documents showing Myers had in fact been served, and the Court instructed Plaintiff to bring those papers with him on the day his trial commenced. In accordance with the Court's direction, Plaintiff submitted his records on October 15, 2019.

The Court has examined these documents, which are the process receipts for the issuance and service of the summonses in the instant action. (Dkt. 106).[3] Plaintiff's records contain only one document regarding Myers, which states that the summons was issued

---

[2] At the pretrial conference, Defendants' counsel indicated that he never appeared on Myers's behalf because no such defendant exists.

[3] Although the scanned versions of Plaintiff's records as they appear on the docket are difficult to read, the Court has also reviewed the hard copies of Plaintiff's records.

and mailed to Myers on September 18, 2014. (*Id.* at 1). However, Plaintiff's records do not contain a process receipt regarding the unexecuted summons or proof of service as to Myers. In other words, the record before the Court indicates that Myers was never served, and that Plaintiff was notified that Myers would be dismissed absent proof of service. Moreover, Plaintiff has not provided sufficient information to identify Myers, and as a result proper service is not possible. Accordingly, the Court finds it appropriate to dismiss Myers from the instant lawsuit without prejudice pursuant to Rule 4(m).

Because Myers was never served and never appeared in the instant action, the trial did not proceed against Myers. Nor was Myers listed as a defendant on the jury verdict sheet. (Dkt. 107). Therefore, Judgment regarding a jury verdict in Myers's favor was entered in error in this case on November 19, 2019 (Dkt. 111), and the Court finds it appropriate to amend the Judgment to reflect that a jury verdict was not entered as to Myers, and for a separate judgment to enter dismissing without prejudice the claims against Myers. *See* Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."); *see also Taype-Miranda v. Cruz*, No. 10 Civ. 7770(PAC)(KNF), 2013 WL 3716896, at *1 (S.D.N.Y. July 16, 2013) (directing the clerk of court to enter judgment that the action was dismissed without prejudice after dismissal pursuant to Rule 4(m)); *Abedel v. United States*, No. 06-CV-6817, 2007 WL 2323526, at *1 (E.D.N.Y. Aug. 10, 2007) (same).

For the foregoing reasons, Defendant Myers is dismissed from the instant action

without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court is instructed to amend the Judgment entered on November 19, 2019 (Dkt. 111), to reflect that a jury verdict was not entered as to Myers, and further to enter a separate judgment as to Myers regarding his dismissal without prejudice by Order of the Court.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 2, 2019
       Rochester, New York