UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY ROMANO,

        Plaintiff,

    v.

M.QUICK, C.O., C.O. ALOI,
J. CARDINALE, C.O., C.O. FUNZI,
NURSE SEALY, NURSE MILLIA,
SHELLY, Nurse,

        Defendants.
_____

**DECISION AND ORDER**

1:13-CV-00392 EAW

## INTRODUCTION

Plaintiff Anthony Romano ("Plaintiff"), proceeding *pro se*, filed this action on April 19, 2013, alleging violations under 42 U.S.C. § 1983. (Dkt. 1). A jury trial commenced before the undersigned on October 15, 2019 (Dkt. 104), and the jury returned a no cause verdict on October 16, 2019 (Dkt. 105; Dkt. 107). Judgment was entered against Plaintiff (Dkt. 113; Dkt. 114), and Plaintiff filed a Notice of Appeal (Dkt. 109).

Presently before the Court is Plaintiff's May 28, 2020, motion seeking free transcripts (Dkt. 115) and motion to appoint counsel (Dkt. 116). For the reasons set forth below, Plaintiff's motions are denied.

## DISCUSSION

Plaintiff submitted the motion for transcripts on a New York state court form, which the Court interprets as a motion pursuant to 28 U.S.C. § 753(f). That statute provides as follows:

> Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. . . . Fees for transcripts furnished in other proceedings to persons permitted to appeal *in forma pauperis* shall also be paid by the United States <u>if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)</u>.

28 U.S.C. § 753(f) (emphasis added). "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is reasonably debatable and (2) whether the transcript is necessary to the presentation of the appeal." *Barnes v. Alves*, 107 F. Supp. 3d 252, 256 (W.D.N.Y. 2015) (quotations and citation omitted). Vague assertions of error are insufficient to raise a substantial question that would warrant provisioning the trial transcript at no cost. *See, e.g.*, *Moore v. Gardner*, 201 F. App'x 803, 804 (2d Cir. 2006) ("[Plaintiff]'s conclusory allegations of prejudice are not sufficient to establish that there are any substantial questions raised by this appeal."); *Liner v. Wright*, 463 F. Supp. 2d 365, 366 (W.D.N.Y. 2006) ("Other requests are vague and do not raise a substantial issue on appeal. For example, [the application] suggests, without elaboration that the 'prejudicial affects' during the trial warrant preparation of the entire transcript."); *see also Simcoe v. Gray*, No. 10 Civ 6531 (FPG), 2015 WL 4138876, at *1 (W.D.N.Y. July 8, 2015) ("Proposed issues 6 and 7 are overly general and vague and do not provide the Court with any detail regarding these contentions. However, having presided over the trial, I easily conclude that these proposed issues are meritless.").

Here, Plaintiff has provided a mere cursory request for "a copy of the stenographic transcript of this action" at no cost. (Dkt. 115 at 1). Plaintiff does not specify which proceedings from this action—which has been ongoing since 2013—he seeks transcripts for, nor does he provide any information from which the Court can assess whether his appeal presents a substantial question, let alone whether the transcript is necessary to the presentation of Plaintiff's appeal. *See Dorsey v. Venard*, No. 1:15-CV-00859, 2019 WL 2904546, at *1 (N.D.N.Y. June 17, 2019) ("When an appellant moves for a free transcript, 'he must provide the district court with a statement detailing the substantial questions presented by the appeal.'") (quoting *Harper v. United States*, 217 F.3d 889, 889 (2d Cir. 2000) (*per curiam*)). Even if Plaintiff had articulated some alleged error in the proceedings, having presided over the trial, the Court would likely find the assertion meritless. *Simcoe*, 2015 WL 4138876, at *1. Indeed, in the Court's estimation, the outcome of this case depended ultimately upon the jury's credibility assessments of the witnesses, and the jury verdict was amply supported by the evidence in this case. Therefore, Plaintiff's motion for transcripts is denied.

Additionally, Plaintiff has once again requested appointment of counsel. (Dkt. 116).[1] In his motion, Plaintiff does not indicate what proceedings he seeks the appointment of counsel for—Judgment has been entered in this case, and the matter is closed. *See Peterson v. Syracuse Police Dep't*, No. 1:09-CV-0106 LEK/RFT, 2014 WL 803931, at *2

---

[1] Plaintiff's motion for appointment of counsel is also on a state court form and, although it bears the caption for this case, is addressed to United States Magistrate Judge Leslie G. Foschio.

(N.D.N.Y. Feb. 27, 2014) (denying motion to appoint counsel where case was closed); *Mulero v. Conn., Dep't of Educ.*, No. CIVA 3:07CV1139(JCH), 2008 WL 4722587, at *1 (D. Conn. Sept. 30, 2008) ("Given the case is now closed, the Motion to Appoint Counsel is denied." (citation omitted)). In any event, Plaintiff has not satisfied the criteria for appointment of counsel, *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986), and accordingly, Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for free transcripts (Dkt. 115) and motion to appoint counsel (Dkt. 116) are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  June 11, 2020
        Rochester, New York